IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: FREDERICK M. TORRENCE | : | CIVIL ACTION |
| a.k.a. | : | |
| KEVIN TORRENCE | : | NO. 06-cv-4834 |

## MEMORANDUM AND ORDER

Petitioner is challenging the constitutionality of actions of the Pennsylvania state parole board pursuant to 28 U.S.C. §2241.  However, habeas cases which challenge a denial of parole to state prisoners by the state parole authorities, may **only** be brought pursuant to §2254.[1]  See Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).  Pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), this Court may not re-characterize this type of a document as a 28 U.S.C. §2254 petition without first:

1. notifying the petitioner that the court believes it is really a §2254 petition purporting to be something else; **and**,

2. warning the petitioner of all of the ramifications of AEDPA (including, but not limited to, the AEDPA statute of limitations, as well as the second or successive rule created by AEDPA); **and**,

3. getting permission from the prisoner to re-characterize the petition as a 28 U.S.C. §2254 petition; **and**,

4. informing the petitioner that he also has the option to voluntarily withdraw his submission.

If Petitioner consents to recharacterization of this matter as a §2254 petition, then pursuant to Local Civil Rule 9.3(b), and Rule 2 of the Rules Governing 28 U.S.C. §2254 Proceedings in the United States District Courts, his petition must be refiled using the current

---

[1] 28 U.S.C. §2254, by its own terms, involves any attack on state custody which is filed after the imposition of a state conviction, and not just attacks on a state conviction or sentence.

standard 28 U.S.C. §2254 form, prescribed by this court, effective December 1, 2004. Use of this court's current standard form in 28 U.S.C. §2254 habeas cases is necessary so as to guarantee that the defendant is made aware of the specific warnings required from this district court at the commencement of any 28 U.S.C. §2254 habeas case pursuant to USA v. Thomas, 221 F.3d 430 (3rd Cir. 2000) and Mason v. Meyers, 208 F.3d 414 (3rd Cir. 2000).

Accordingly, this 25th day of January, 2007, it is hereby **ORDERED** as follows:

1. Petitioner is granted leave to proceed in forma pauperis in this matter for all purposes, including any possible appeals.

2. The Clerk of Court shall furnish petitioner with a blank copy of this court's current standard form for filing a petition pursuant to 28 U.S.C. §2254 (bearing the above-captioned civil action number).

3. Petitioner shall notify this court within thirty (30) days whether he consents to the reclassification of his petition as a §2254 petition, and if so, he shall complete the enclosed 28 U.S.C. §2254 form and return it to this court.

4. Petitioner is formally placed on notice that if he insists that his petition proceed under 28 U.S.C. §2241, the petition shall be dismissed without prejudice for seeking relief that is not available pursuant to §2241.

5. Petitioner is formally placed on notice that if he does not respond to this Order within thirty (30) days, his petition shall be dismissed without prejudice for seeking relief that is not available pursuant to §2241.

**BY THE COURT:**

/s/ **Bruce W. Kauffman**
**BRUCE W. KAUFFMAN, J.**